11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Marcus Germane
Malbro

Appellant

Vs.                   No.
11-00-00204-CR  -- Appeal from Harris
County

State of Texas

Appellee

 

A
jury convicted Marcus Germane Malbro of the Class B misdemeanor offense of Aevading detention.@[1]  The trial court assessed punishment at confinement
in the county jail for 120 days with credit for 2 days served.[2]  The judgment in the clerk=s record shows that
appellant was convicted of  Aevading arrest.@  We modify the trial court=s
judgment to show that appellant was convicted of  Aevading
detention.@  See TEX.R.APP.P. 43.2(b).  As modified, the judgment of the trial court
is affirmed.

                                                                  Issues
Presented

Appellant
presents two issues for appellate review under TEX.R.APP.P. 38.1(e).  Those issues read in full as shown:

(1)
The evidence is legally insufficient to support appellant=s conviction for the
offense of evading arrest.

 

(2)
The evidence is factually insufficient to support appellant=s conviction for the
offense of evading arrest.

 

As noted above,
the conviction was for Aevading
detention,@ and we
will consider whether the evidence is legally and factually sufficient to
support that conviction.

 








                                                                Background
Facts

There
were only three witnesses who testified in the trial of this case.  All three were police officers who
participated in executing a search warrant on December 30, 1999.  When the State rested, the evidence was
closed.  After appellant=s motion for instructed
verdict was overruled, the case was submitted to the jury.  

The
first witness was Officer M. R. Burdick of the Houston Police Department.  At the time of trial, he had been working
for the department for 14 years and had been assigned to the narcotics division
for 6 years.  Officer Burdick identified
appellant as one of two men who were arrested for attempting to evade detention
on the night of the Araid@ (when the search warrant
was executed).  Officer Burdick
testified that he had eight plainclothes officers and six uniformed officers to
execute the warrant, that there were six people in front of the garage at the
house which was to be searched, and that two of those people took off
running.  Officer Burdick said that the
van used by the plainclothes officers was not marked but that the uniformed
patrol officers were in clearly marked Houston Police vehicles.  The plainclothes officers were wearing
police helmets and bulletproof vests. 
The vests had Awhite
bold letters Police in the front and Police on the back.@  
Officer Burdick testified that, when appellant and the other man ran, he
yelled: AStop, police.@  Officer Burdick testified that appellant Alooked back at [him] and continued to run.@  

The
second witness was Officer Oscar M. Gamez of the Houston Police
Department.  At the time of trial, he
had been employed by the department for seven years, and he was a member of the
North Command Gang Task Force.  Officer
Gamez was one of the uniformed officers who participated in the raid, and he
was the one who arrested appellant and the other man who ran.  Officer Gamez identified appellant as one of
the two men who ran, and he also testified that he heard someone yell Apolice@ from a block and a half
away from where he was watching the perimeter. 
Officer Gamez testified that he took appellant back to Officer Burdick
and that Officer Burdick identified appellant as one of the men who ran.  








The
last witness was Officer Barton W. Nabors. 
Officer Nabors was also in uniform, and he was working with Officer
Gamez on the perimeter of the raid. 
Officer Nabors testified that he could see the raid unit drive up and
that he could hear a A[b]unch
of commotion.@  He heard: APolice,
police, police.  Down, down, down.@  Officer Nabors also testified that he was told on the police
radio that Athey had
some suspects running.@  Officer Nabors said that his partner had
appellant on the ground and that Officer Nabors handcuffed him.  Officer Nabors said that appellant was Asweating@ and that he Aappeared to be out of
breath.@  

                                                          Sufficiency
of the Evidence

Appellant
contends in his first issue that the evidence is Alegally
insufficient@ to
support his conviction.  In deciding
that issue, we have considered the evidence set forth above Ain the light most favorable
to the verdict@ and
determined that a rational fact finder could have found all of the elements of
the offense Abeyond a
reasonable doubt.@  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Wilson v. State, 7 S.W.3d 136, 141 (Tex.Cr.App.1999).  The first issue is overruled.

Appellant
argues in his other issue that the evidence is Afactually
insufficient@ to
support his conviction.  In deciding
that issue, we have considered all of the evidence and determined that the
conviction is not Aso
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.@  Wilson v. State, supra at 141; Clewis v.
State, 922 S.W.2d 126, 129 (Tex.Cr.App.1996). The second issue is overruled.

                                                                This
Court=s Ruling    

The
judgment of the trial court is modified to show that Marcus Germane Malbro was
convicted of Aevading
detention@; and, as
modified, the judgment of conviction is affirmed.

 

BOB DICKENSON

SENIOR JUSTICE

 

November 8, 2001

Do not
publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Wright, J.,
and

McCall, J., and Dickenson, S.J.[3]











[1]TEX. PENAL CODE ANN. '
38.04 (Vernon Supp. 2001) provides that a person commits the offense if he Aintentionally flees from a person he knows is a peace
officer attempting lawfully to arrest or detain him.@ (Emphasis added) 
Since none of the exceptions were applicable, the offense was a Class B
misdemeanor.





[2]TEX. PENAL CODE ANN. '
12.22 (Vernon 1994) authorizes a fine of not more than $2,000, confinement for
not more than 180 days, or both a fine and confinement, if it is shown that the
person was convicted of a Class B misdemeanor.





[3]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.